COLORADO
Department of Regulatory Agencies
Colorado Civil Rights Division

1560 Broadway Street, Suite 825
Denver, CO 80202

May 22, 2024

Attn: Denver Public Schools
1860 Lincoln Street
Denver, CO 80203

Charge Number: E2400023148

Anthony Beauford v. Denver Public Schools

To Whom it May Concern:

You are hereby notified that Anthony Beauford, the Complainant in the above-referenced matter, has filed a complaint of alleged discrimination with the Colorado Civil Rights Division, naming **Denver Public Schools** as the Respondent. Pursuant to the Colorado Civil Rights Commission's Rules, attached to this correspondence is a copy of the charge of discrimination.

Also attached are various Requests For Information ("RFI") from the Division regarding this matter. **Denver Public Schools is required to provide a response to the Division's enclosed RFI <u>by no later than thirty (30) days from the date of this letter, unless you elect to participate in voluntary mediation, as described more below</u>.** Please send the RFI responses, including a position statement and any supporting documents, witness statements, or other exhibits, to the Division via email to DORA_CCRDInvestigations@state.co.us
or via U.S. Mail (1560 Broadway, Suite 825, Denver, CO 80202), fax (303-894-7830), or hand-delivery (DORA Welcome Center located on the first floor of 1560 Broadway, Denver, CO 80202).

When a charge of discrimination is filed with the Colorado Civil Rights Division, the Division promptly initiates an investigation into the claim(s). Due to the general legal requirements that the administrative processing of this matter must be completed within a certain number of days from the date of filing, your timely compliance in this matter is essential. The data that you submit in response to this request may be sufficient for us to complete our investigation. However, if we need additional information at a later date, we will count on your continued cooperation to help us resolve this complaint as efficiently as possible. If you have any question about the investigative process, please contact the Investigator assigned to this matter through the Division's main telephone line at (303) 894-2997.

**Additionally, please note that the Division offers free mediation services to the parties so that they have the opportunity to try to reach an agreement to resolve and dismiss the complaint. This Alternative Dispute Resolution ("ADR") process often provides a much faster and more cost-effective resolution of the complaint than the full investigative process. If all parties to this complaint agree to participate in mediation, the thirty (30) day RFI deadline noted above will be stayed while the matter is pending mediation efforts with the Division's ADR Unit.** If mediation efforts are deemed unsuccessful, the complaint will be returned to the Division's investigation process and a new RFI deadline will be set. If you have any interest in mediation of this matter, or any questions about the Division's ADR process, please either contact the assigned Investigator, or send an email the Division's ADR Unit at DORA_CCRDADR@state.co.us

Colorado Civil Rights Division

COLORADO
Department of Regulatory Agencies
Colorado Civil Rights Division

1560 Broadway Street, Suite 825
Denver, CO 80202

## REQUEST FOR INFORMATION

A complaint has been filed with the Colorado Civil Rights Division ("CCRD" or "Division") against your company. For more information on the Division or the administrative process, please visit our website at ccrd.colorado.gov/the-complaint-process

So that we may deal with this charge in an efficient manner, please submit the following specific, written information and/or documentation by the deadline indicated in the service letter. Your failure to do so may result in CCRD issuing a finding based on the available evidence.

Please be advised that you are expected to provide a complete response to each question. If you, or your representative, believe that a question is impermissible, is not relevant, or is overly broad in scope, do not simply object and/or decline to answer. Rather, **contact the assigned Investigator to discuss your concerns**. Failure to fully answer all questions will be viewed as a refusal to cooperate. The Investigator is always willing to discuss the scope of the request, and in most instances, can narrow, modify and/or clarify the request(s) to ensure that only information essential to the specific facts and allegations of your case is required. You may find contact information for the Investigator assigned to this matter via email to DORA_CCRDInvestigations@state.co.us or by calling CCRD's main line at (303) 894-2997.

**SUBPOENA POWER NOTICE:** You should be aware that the State of Colorado's Anti-Discrimination statute grants the Director of the Colorado Civil Rights Division the authority to subpoena witnesses and to compel the production of books, papers and records relevant to any unfair employment practice C.R.S. 24-34-306(2)(a). Such subpoena is enforceable in the district court in which the alleged discriminatory practice occurred. Subpoena authority is exercised only when, in the judgment of the Director, the Respondent's failure to voluntarily cooperate makes it necessary.

**NEGATIVE INFERENCE NOTICE:** You should also be aware that your failure to comply with a request for information may create a rebuttable presumption that the particular information requested is harmful to your position. Colorado Civil Rights Commission Rule 10.5(B)(2).

The information submitted by both parties is considered in deciding the merits of the allegation(s). This information is made available to the opposing party, who then is given an opportunity to review and provide a response. The information is not made available to the public. Colorado Civil Rights Commission Rule 10.5 (E) and (F).

**Please provide the following:**

1. The full and correct name of the company if it is incorrect on the administrative complaint. Please specify your form of organization (e.g. LLC, PC, Ltd). Identify any person who should be copied on the correspondence and provide his or her contact information (e.g. e-mail address, telephone number). In addition, if there is another company or entity who you believe may be jointly responsible for the alleged adverse action (e.g. a parent corporation, staffing agency, etc.), please provide identifying information.

2. Describe the nature of the business (type of goods or services it provides).

3. Indicate if there are currently more or less than fifteen (15) employees. If there are less than fifteen (15), provide a list of all persons employed within the past two-year period. For each cited person, indicate his or her dates of employment. (For cases in which age is involved, indicate if there are more or less than twenty (20) employees).

4. A position statement which responds fully and specifically to all allegations of discrimination presented in the Charge of Discrimination. If possible, please provide the statement in chronological order of events. Include the following:

   a. Detailed description of all events surrounding the allegations of discrimination.
   b. The name, position title and protected class information for each person involved in these events. (For example, if the Complainant has alleged discrimination based on age and race, provide age and race information for each person listed. If the Complainant alleges age and sex, provide the age and sex of each person listed.)
   c. If the Complainant alleges adverse employment action (such as termination or discipline) was taken against the Complainant, provide justification for such action and accompanying documentation (such as disciplinary actions, internal investigation, etc.) to support such reasoning.
   d. For some protected classes, such as (but not limited to) disability, sexual orientation, religion, and pregnancy, indicate when you became aware of the Complainant's protected class. (e.g. if the Complainant alleges a disability, when were you made aware, if at all, of such disability?)
   e. For retaliation claims, indicate when you became aware that the Complainant engaged in a civil rights protected activity and what action, if any, you took in response to this civil rights protected activity. Protected activity is: 1) opposing unlawful discrimination (e.g. complaining of discrimination to the employer or other member of management, EEOC, CCRD, etc.); 2) requesting an accommodation related to a protected class (e.g. asking for a disability, religious, or pregnancy-related accommodation); or 3) participating in a discrimination-related matter (e.g. providing information/serving as a witness in a civil rights-related investigation or trial).
   f. Provide the name, job or position title, and protected class information for the individual(s) who made the personnel decision at issue.
   g. Provide statements, preferably affidavits, from current employees who can support the responses you make in your position statement. In particular, provide statements from: 1) decision-makers in personnel actions at issue, and; 2) individuals alleged to have

harassed or otherwise discriminated against the Complainant. If a decision-maker or alleged harasser is no longer employed, provide last known contact information, the separation date, and a brief reason for the separation.

5. The job description for the position to which the Complainant was or is employed, or for which the Complainant applied and was allegedly not hired, promoted, etc.

6. A copy of the Complainant's complete personnel records, including accolades, warnings, reprimands, and evaluations.

7. A copy of the Employee Handbook applicable during the Complainant's employment. Please note if an Employee Handbook does not exist.

   a. Provide copies of all relevant policies. For example, if harassment is involved, provide a copy of the harassment policy. If discipline is involved, provide a copy of the progressive discipline policy. Please note if the requested policies are not in existence.

8. Provide copies of applications and/or resumes for either the person or person(s) who replaced the Complainant or, if applicable, those who were promoted, hired or rehired instead of the Complainant.

**PLEASE NOTE:** The Civil Rights Division **requires** comparative workforce data related to this claim, and as such, we may request information regarding the demographics of your workforce. In many such instances, the Division is unable to finish processing the claim without such information as it is essential toward conducting a thorough analysis of the Complainant's allegations. As such, please provide comparative data relevant to the claim whenever asked to do so. The Division is also aware, however, that some demographic information may not be recorded in the ordinary course of business (such as employees' religious beliefs or sexual orientation information). Thus, when such information is requested, but is not of the type commonly recorded, you must contact the Investigator on the case to discuss the specifics of what must be provided. Likewise, where a large workforce is involved, contact the Investigator to discuss a possible narrowing of the scope of information requested, such as limiting data to a particular work location, department, or position title.

**For the following items, provide information for one (1) year preceding the date that the Charge of Discrimination was filed.**

9. Provide a list of all current employees, with relative protected class information, name, employment dates and job or position title.

10. If applicable, provide a list of all employees who were hired or rehired for the position sought by the Complainant. Specify each employee's relative protected classes (for example, if the Complainant has alleged discrimination based on age and race, provide age and race information for each person listed.). Also provide that person's name, dates of employment, and the job or position title.

11. If applicable, provide a list of all employees who were subjected to similar adverse employment actions[s] as alleged by the Complainant (suspension, demotion, discharge, etc.), whether or not such action was implemented for the same reason it was taken against the Complainant. For each individual identified, specify, their relative protected class[s], names, dates of employment, job or position title, and reason for which the adverse action was taken. For example, if the Complainant alleges suspension leading to discharge, provide a list of individuals who were also suspended and discharged during the relevant time period.

12. If harassment or a complaint of discrimination to management or a supervisor is involved: Provide a list of all employees who complained of discrimination or harassment, the date of the complaint, the individuals involved, and the relative protected class information for the complaining employee and the persons of which he or she complained. Also, provide details regarding the resolution of the complaint.

| COMPLAINT OF DISCRIMINATION<br>*The Privacy Act of 1974 affects this form.*<br>*See Privacy Act Statement before completing this form.* | | EEOC Complaint No.<br>32A-2024-00670<br>CCRD Complaint No.<br>E2400023148 |
|---|---|---|
| ***COLORADO CIVIL RIGHTS DIVISION AND EEOC*** | | |
| Name *(Complainant)*<br>Anthony Beauford | | (Area Code) Telephone<br>(303) 358-5854 |
| Street Address<br>2805 South Danube Street | City, State, and Zip Code<br>Aurora, CO 80013 | County<br>Arapahoe |
| The Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Agency who discriminated against me is: | | |
| Name (*Respondent*)<br>Denver Public Schools | Number of Employees<br>20+ | (Area Code) Telephone<br>(720) 423-3200<br>Email Address<br>Brent_Jordheim@dpsk12.org |
| Street Address<br>1860 Lincoln Street | City, State, and Zip Code<br>Denver, CO 80203 | County<br>Denver |
| Discrimination Based on:<br>Age (52; D.O.B. 8/9/1971); Race/Color (African American/Black); Retaliation | | Date Most Recent Discrimination Occurred:<br>March 8, 2024 |

I. **Jurisdiction:** The Colorado Civil Rights Division and Equal Employment Opportunity Commission have jurisdiction over the subject matter of this charge and the named Respondent, pursuant to the provisions of the Colorado Revised Statutes (C.R.S. 1973, 24-34-301, *et seq.*), as reenacted, Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, *et seq.*), as amended , and the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621, *et seq.*), as amended.

II. **Personal Harm:** On or about July 2023, and thereafter, I was harassed and subjected to unequal terms and conditions of employment based on my age (52; D.O.B. 8/9/1971), race/color (African American/Black), and/or in retaliation for engaging in protected activity. On or about December 6, 2023, I was denied a promotion based on my protected classes and/or in retaliation for engaging in protected activity. On or about March 8, 2024, I was discharged based on my protected classes and/or in retaliation for engaging in protected activity.

III. **Respondent's Position:** Unknown.

IV. **Discrimination Statement:** I believe I was unlawfully discriminated against because: of my protected classes and/or in retaliation for engaging in protected activity in violation of the Colorado Anti-Discrimination Act (CADA). 1.) I began employment with the Respondent on or about January 6, 2020, I performed my job duties satisfactorily at all times, and my most recent job title was Level III Refrigeration Technician in HVAC Department. 2.) On or about July 30, 2020, I engaged in protected activity when I filed a harassment and discrimination complaint against my HVAC Supervisor James Woodson (Caucasian/white), some coworkers, former Human Resources representative Danielle Quintana (Hispanic) and HVAC manager, Keith Weston ("Weston") (African American/Black) which prompted no investigation. 3.) On or about July 22, 2022, I was discharged in retaliation for engaging in protected activity. 4.) I appealed the decision, and was reinstated on or about January 17, 2023. 5.) On or about December 6, 2022, the Respondent found that Weston had harassed and retaliated against me, but I was forced to continue working with him and the discrimination continued, and my coworkers began ignoring me and treating me differently. 6.) In or about March 2023, I engaged in

protected activity when I complained of discrimination to HR Representative Mariah Boltz ("Boltz"), but she dismissed my complaint and contributed the problems to "personality differences." 7.) On or about November 29, 2023, Weston gave me a work order to go to fix the heater in two classrooms at Ellis Elementary School. 8.) Once I arrived, I spoke to Facility Manager Andrew Maestas, who informed me that I was sent to the wrong school. Nevertheless, he asked me to fix an issue in one of their classrooms, which I did successfully. 9.) Thereafter, Weston accused of me of leaving the school and not doing my job and when I told Weston that he sent me to the wrong school, he refused to admit he was wrong. 10.) On or about December 6, 2023, I was denied a promotion to HVAC Supervisor, and Weston instead hired Bryant Chandler ("Chandler") (light skinned African American/Black, under 40), despite me having significantly more experience. 11.) On or about December 15,2023, I initiated a retaliation complaint against Weston but then decided not to move forward with the complaint, which I conveyed to Boltz. 12.) I also asked Boltz if she could schedule a meeting with Weston to try and work things out, but she ignored my request. 13.) Thereafter, I emailed the Chief Operating Officer Trena Marsal but instead received a response from Executive Director of facility management Rich Archuleta, who informed me that Boltz would help me set up a meeting with Weston which never happened. 14.) On or about January 17, 2024, Boltz informed me that she investigated my retaliation complaint against Weston, despite that I had informed her I did not want to file the complaint. 15.) Bolzt alleged that she did not find any evidence that Weston retaliated against me when I was denied the promotion to HVAC Supervisor, purportedly because Weston never viewed my application. 16.) Thereafter, I appealed Boltz's determination and the Respondent found that Weston did receive my application. 17.) On or about February 4, 2024, I emailed Chandler's former employer to ask about his experience as a senior HVAC Maintenance Technician. 18.) Thereafter, the former employer filed a complaint about me to the Respondent's HR. 19.) On or about February 6, 2024, I was suspended and placed on administrative leave, purportedly for conducting an "unauthorized background reference" when I contacted Chandler's former employer, and I was told that someone would reach out to me once the investigation was completed. 20.) On or about March 8, 2024, I was discharged for violating the Respondent's rules of professionalism and integrity, despite that I emailed Chandler's former employer during my own personal time and not during company time, while using my own resources. 21.) Furthermore, I believe that Weston hired Chandler to protect himself after I complained of race discrimination. 22.) I believe that I was discriminated against based on my protected classes and/or in retaliation for engaging in protected activity.

V. **WHEREFORE:** The Complainant prays that the Colorado Civil Rights Division grant such relief as may exist within the Division's power and which the Division may deem necessary and proper.

*I want this charge filed with both the Equal Employment Opportunity Commission and the State or local agency, if any. I will advise the agency if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with their procedures.*

***I understand that, by filing this complaint, I consent to the disclosure of the foregoing information to the above-named Respondent.***

**I declare under penalty of perjury that the foregoing is true and correct.**

Date 5-15-24 Charging Party/Complainant (Signature) [signature]

# Form II: Statement of Discrimination

**Instructions**: Draft a statement chronologically (timeline of events with dates) detailing the incidents that provide the basis for your complaint of civil rights discrimination. If you require additional sheets of paper, you may attach them to this form. You may also provide a sworn affidavit or other signed statement in lieu of completing the form below. **If your complaint is formally filed, this statement will be provided to the Respondent.**

**Your statement must be signed and dated.**

For each incident, provide the following information:

a) Full Name and Job Title of the individuals involved;

b) Date (including month, day and year); and,

c) Why you think the incident or action taken was discriminatory (*e.g.* "This incident shows that I was fired because of my age.").

Additionally, answer the following questions completely and honestly, if relevant:

1) Did you ever complain of discriminatory treatment? If yes, to whom and when? What was done, if anything?

2) Was anyone treated more favorably than you? Who? Provide information related to their protected classes (*e.g.* if you are alleging race discrimination, what is the person's race? If age discrimination, what was the person's age?)

3) Provide detailed information on why you believe that you have been discriminated against. For example, if you indicated race and age discrimination, as well as retaliation, on the Intake Questionnaire, you must explain in this statement why you believe the adverse action was based on those protected classes or in retaliation for having engaged in a protected activity. Provide an explanation for each selection that you made in the Intake Questionnaire.

**Statement of Discrimination:** Please see Attached statement

Colorado Civil Rights Division

FEB 07 2024

RECIEVED

**Statement of Discrimination (continued):**

**Did you ever complain of discriminatory treatment?** X **Yes** ___ **No (check one)**

- **If "yes", to whom and when?**
- **What was done, if anything?**

**Was anyone treated more favorably than you? Who? Provide information related to their protected classes (for example, if you are alleging race discrimination, what is the person's race?).**

Yes mostly my white and Hispainic coworkers

Did the Respondent give you any reason for the adverse action? What was it?

no

Specifically, what would you want the Respondent to do in order to resolve your complaint?

treat me fairly with respect

**Signature** [Form II: Statement of Discrimination]

Signature: ______________________ Date 2-7-24

Potential Complainant

**IMPORTANT NOTICE**: **Submittal of these forms DOES NOT constitute filing of a formal Charge / Complaint of Discrimination.** Several additional steps must be taken and thus it is vital that you submit this initial documentation well before the deadline required by law.

Colorado Civil Rights Division

FEB 07 2024

RECIEVED

1/13/2024 8:04:10 PM

Reasonings for retaliation complaint

Before I get started with my complaint, I want to first let it be known that this is not about sour grapes. This is about fairness. I'm filing this complaint because of the lack of fairness in the vetting and hiring process in facility management. I'm filing this retaliation complaint because over the last four years I have been subjected to protracted retaliation efforts from facility management, particularly from Keith Weston the HVAC manager. Since the spring of 2021 up to the present day I have applied for numerous jobs around the district and have not once been granted a single interview for any of them; it's almost as if someone was blacklisting me.

In my current department, I've applied for the HVAC supervisor position twice and was denied twice without being given an interview. The first time I applied was on June 2nd, 2022, after JC Woodson had left the district, but I got fired on July 22nd of 22 and was denied this opportunity consequently. And again, on December 6th, 23 without being given a reason why after asking Keith and HR numerous times for a month. I was not granted an interview **twice** for a position Keith Weston knows I'm qualified for. They deliberately denied me an opportunity to be properly interviewed for the HVAC supervisor position on December 6th in 23 because I had complained to him and HR in person and through email politely and professionally about his harassment of me on November 29th, 2023. There's a through line between Keith's proven hostility and discrimination of me over 4 years and me being rejected for the HVAC Supervisor

position. My application was rejected because Keith doesn't want me as his supervisor under any circumstances and he made sure of it by denying me an interview.

Instead of being ethical and just doing the right decent thing when it came to this fabulous career opportunity. Keith with the assistance of HR decided to disregard me and the rest of the HVAC shop and go outside of the district and hire a young 26-year-old African American gentleman from Grand Rapids Michigan (Case for age discrimination) with very little HVAC experience who suspiciously is a light skinned black male like me. Who holds a bachelor's degree, like me (I have 2) that he got just last April of 23. Who has an associate degree, like me (I have 4). Who's got an 8-year maintenance background, unlike me (I have over 30 years of building maintenance experience;16 years of HVAC experience with 4 of those years working in the district as a L3 Refrigeration Technician, the highest level in the HVAC department. But somehow with all that, according to Mariah Boltz I didn't score high enough on their Hr algorithm to be worthy of being granted the professional courtesy of being given a job interview 2x over 2 years let alone being promoted as the next HVAC supervisor. From what I was told the interview process was deliberately prepared so that only two people were to be interviewed. Bryant Chandler from Grand Rapids MI and a 59-year-old white male who worked in the Littleton public school district. When one of the interviewers asked if anybody from the HVAC shop had applied for this job, she was told that nobody applied, which is a flat out lie.

Keith Weston wanted to hire a black HVAC supervisor, his first one, with little regard to his actual qualifications for political expedience, to help mitigate his diversity issues in our shop instead of just promoting somebody from within like me who is black and is truly qualified and

who already worked in the district as an L3 HVAC Technician. I have a feeling that Bryant Chandler our new HVAC Supervisor was only hired as a stopgap measure because the DPR investigation revealed that Keith Weston discriminated and retaliated against me for 2 and a half years, and now he is trying to protect himself on the diversity issue while still denying myself and others in the HVAC shop a proper job interview.

Keith Weston is a vindictive, mean, dishonest person who's seemingly disregarded the findings of the DPR investigation. And it hurts me that I must go through this mess with another African American man. It seems like his indifference to me and others in our department and maintaining his power and status is more important than just simply doing the right ethical thing… **being fair**. As for me specifically he can't stand the thought of me working up next to him in the office every day because of his hard feelings over the DPR investigation and me bringing a righteous harassment complaint to his attention on November 29th 23. So instead of having the character to accept the truth of that matter, he instead token hired a less qualified African American male from out of state, because apparently there were no qualified ones here in Colorado, with the same educational credentials, the same skin tone and race as me to help him mitigate his diversity issues with the district. To give the "appearance" that he's trying to achieve racial equality within our workplace.

On the real. I feel that Keith only hired this young man to circumvent his issues with me. He used him as an end run to retaliate against me. He utilized the divide-and-conquer angle to get what he wanted which was not to interview a black man he hated and hire a less qualified black man. He knew I would have knocked it out of the park in front of Devin and Diane Chafin and

himself and he would have been backed into a corner. Keith had a lot of nerve to parade his new supervisor in front of my face out in plain sight in front of the whole HVAC department. What Keith Weston did in the situation was about him and not about what was good for the district. He does these kinds of things because clearly, he's never been held accountable in a meaningful way for anything he's ever done from the outside looking in so why stop now. That's all I have to say. So, in closing; In the four years after I started my career at DPS the retaliation remains in effect today in the HVAC department before and after I was reinstated. Nothing changed at all after I came back, just the schemes.

Thank you, Anthony Beauford.

EEOC FORM 131-A **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

| | |
|---|---|
| Denver Public Schools<br>1860 Lincoln Street<br>Denver, CO 80203 | PERSON FILING CHARGE<br>Anthony Beauford |
| | THIS PERSON<br>Claims to be aggrieved |
| | EEOC CHARGE NO.<br>32A-2024-00670 |
| | FEPA CHARGE NO.<br>E2400023148 |

**NOTICE OF CHARGE OF DISCRIMINATION in Jurisdiction where a FEP Agency will initially process**

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

The Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII)

HAS BEEN RECEIVED BY

Colorado Civil Rights Division and sent to the EEOC for dual filing.

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA GINA or PWFA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency.

For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

ENCLOSURE(S): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION
Age, Color, Race and Retaliation
**See enclosed copy of Charge of Discrimination**

| DATE | NAME/TITLE OF AUTHORIZED OFFICIAL | SIGNATURE |
|---|---|---|
| 05/17/2024 | Rayford O. Irvin,<br>Acting District Director | |

*Enclosure with EEOC Form 131-A*

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** Where a charge... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, Section 503(a) of the ADA, and Section 104(f) of the PWFA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

COLORADO
Department of Regulatory Agencies
Colorado Civil Rights Division

# COLORADO CIVIL RIGHTS DIVISION COMPLAINT OF DISCRIMINATION FILING DATE VERIFICATION

**Anthony Beauford,**
Complainant,

v.

**Denver Public Schools,**
Respondent.

Complaint No.: E2400023148

I, Tatiana Sanchez, an employee of the Colorado Civil Rights Division (CCRD), verify that the above-referenced Complainant filed a specific, written Complaint of Discrimination with the CCRD on May 16, 2024.

| |
|---|
| **The above-referenced Complaint was submitted to the CCRD via:** |
| ☐ Mail, ☒ Email, ☐ Fax, **OR** ☐ Hand-delivery |

Dated this 16th day of May, 2024.

/s/Tatiana Sanchez
Signature of CCRD Employee

COLORADO
Department of Regulatory Agencies
Colorado Civil Rights Division

# Notice

## TO EMPLOYERS, REAL ESTATE AGENTS, BUSINESS OWNERS, ET AL

Please be advised that Rule 20.5, which deals with the preservation of records relevant to civil rights charges, will affect all Respondents named in any charge or complaint that has been filed with the Colorado Civil Rights Division.

**The text of General Provision Rule 20.5 - Preservation of Records:**

(A) Retention of Records During Processing of Charge.
Whenever a charge of discrimination is filed with the Division, all parties shall maintain all relevant records in their custody, control, or possession until final disposition. Relevant records include, but are not limited to, the following: personnel or employment records of a Charging Party and of all employees holding similar positions; applications or test papers and assessments of all candidates for the positions sought by the Charging Party; payroll records; handbooks; registration records; offers; leases; contracts; tenant files; rental applications; loan and purchase files; advertisements; data regarding protected classes; disability-related and medical records; policies and procedures; notices; phone records; bank and accounting records; photographs; videos; correspondence; emails; electronic records; and other business or institutional records relevant to the allegations of the charge. Final disposition of the charge or complaint occurs when the statutory time periods for all appeals have expired.

(B) Rebuttable Presumption.
The failure to comply with this regulation shall create a rebuttable presumption.

If you have any questions regarding General Provision Rule 20.5 or any other Rules or Regulations of the Colorado Civil Rights Commission, please contact one of the Division's offices.